Van Vorst, J.
It seems plain that the allegations in the plaintiffs’ complaint entitle them to the relief demanded. I cannot accept the defendant’s contention that the plaintiffs are not in a condition to avail themselves of the advantages and privileges of the “plan and agreement,” which was evidently designed to embrace all the stockholders of the Erie Railway Company. By the terms of the judgment rendered in the foreclosure action, the purchasers at the foreclosure sale took title, subject to all the lawful provisions of the “plan and agreement” referred to in the complaint, and they, as well as their successors and assigns, are subject to all the liabilities of the statute which sanctioned the “ plan and agreement,” and of the plan itself. These give the plaintiffs a present right to participate in all the advantages of the arrangement, unless they are precluded by some lawful limitation.
Section 3 of the act of May 11, 1874, referred to in the “plan and agreement,” gives the stockholders of the former corporation a right to assent to the plan of readjustment and reorganization, at any time within six months after the organization of the new company ; and, by complying with the terms and conditions of the plan, they were to become entitled to their pro rata *273 benefits therein, according to its terms. This “plan, and agreement,” comprehensive in its scope, was designed to enable every stockholder of the old corporation to participate in the new organization. By the terms of the plan, payment by the stockholders of the Erie Railway Company of four dollars per share—by which they were to be entitled to exchange their stock, share for share, for stock in the new corporation— might be made by any holder of such stock, before the expiration of such time as might be lawfully limited by the parties to the “plan and agreement.”
The plan contemplated that some time would be limited. It could not, however, have been lawfully limited to a period less than six months after the reorganization of the new company. It does not appear that any time has been limited by the parties to the “plan and agreement” beyond which the plaintiffs could not take advantage of its privileges. Having undertaken to fix a time, the statutory limitation does not apply. It is true that the complaint alleges that the defendant has assumed to limit the tíme ; but it is quite clear that it has no power to do so. The opinion of Gilbert, J., in the case of Butler y. New York, Lake Erie & Western Railroad Co.,* is quite clear upon that point, and is entirely satisfactory.
*274 The plaintiffs’ delay in not making a tender and a demand earlier is fully excused. They had no notice of any limitation. They had no knowledge or information upon the subject, to call for earlier action on their part. I cannot perceive that the immediate parties to the “plan and agreement ” have any interest remaining in them, which calls for their presence as parties to this action. They cannot be prejudiced by the judgment.
In so far as the defendant is concerned, it has sufficient stock, undisposed of, to answer the demand of the plaintiffs. And the complaint shows that the plaintiffs’ claim may be satisfied, without injury to any one who has any cause to complain.
There should be judgment for the plaintiffs on the demurrer, with liberty to the defendant to answer on payment of costs.

 The case of Butler v. New York, Lake Erie & Western R. R. Co., was an action against the same defendant, and involving substantially the same question as that considered by Judge Van Yobst. The opinion was as follows:
Gilbert, J.—The questions presented on behalf of the defendant are not raised by the demurrer.
3. It does not appear that the parties to the “ plan and agreement ” acquired any interests thereby which would be injuriously affected by the judgment which the plaintiff asks.
3. The case made by the complaint is an unlawful withholding by the defendant of shares of preferred stock to which the plaintiff became entitled by virtue of such “plan and agreement.” It is not an answer to say that the right of the plaintiff has been barred by *274 lapse of time, for the averment of the complaint is, that the “plan, and agreement ” provided that the right might be exercised “before .the expiration of such time as might be lawfully limited by the parties thereto.” Whether such parties ever prescribed or agreed upon a limitation does not appear. They alone appear to have been vested with the power to do that act. Certainly no such power appears to have been conferred upon the defendant, nor does the restriction of thé right granted by the act of 1874 (c. 430, § 3) govern, for that has been suspended by the “plan and agreement.”
In no point of view can the demurrer be sustained. It must, therefore, be overruled, with costs, with leave to the defendant to answer in twenty days, on payment of costs.
Clerk will enter an interlocutory judgment accordingly.